CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 06 2012

JULIA C. DUDLEY, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 5:07cr00058-3 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | By: Samuel G. Wilson |
| KENNETH ODELL CRAWFORD | ) | United States District Judge |

This is a motion pursuant to Federal Rule of Civil Procedure 60(b) by Kenneth Crawford seeking to set aside this court's May 14, 2010, final judgment denying his 28 U.S.C. § 2255 motion attacking his guilty plea and agreed-upon sixty-month sentence for money laundering in violation of 18 U.S.C. §§ 1956(h) and 1957.[1] Kenneth's father and codefendant, Vern Odell Crawford, sent the court a letter in late November 2008, after Kenneth's guilty plea, claiming that Kenneth was not guilty of the money laundering offense to which Kenneth had pled the month before. Essentially, Kenneth contends that this court committed a Brady/Giglio violation[2] in not disclosing the letter to him or his counsel and that he would not have pled guilty had he known of the letter.[3] Though the underlying arguments are frivolous for a host of reasons (including that Vern sent the letter *after* Kenneth's guilty plea and the letter's docketing *was* noticed to Kenneth's counsel by electronic mail at 2:33 PM on December 5, 2008, the day after it

---

[1] There is some indication that Kenneth may intend for his current Rule 60(b) motion to include Rocky Mountain Corporation, Inc., his closely held corporation that also pled guilty. However, because he styled the case in his own name, refers to himself as the "petitioner" throughout the motion, claims he is not guilty of the acts to which he pled, refers to his own innocence, and refers to his plea of guilty and the involuntariness of that plea, the court declines to so construe it.

[2] Giglio v. United States, 45 U.S. 150 (1972); Brady v. Maryland, 373 U.S. 83 (1963).

[3] The underlying arguments are substantially similar to arguments Vern made in a motion to recuse in connection with Vern's own conviction of fifteen drug trafficking charges. Indeed, Kenneth's current motion was forwarded to the court by Vern from the prison where Vern is currently serving his sentence.

was received), the court concludes that the court is without jurisdiction because the motion is, at its core, a successive attack on the voluntariness of Kenneth's guilty plea.

I.

The facts are detailed in three earlier opinions, U.S. v. Kenneth Crawford, 5:07-CR-58 (May 14, 2010); U.S. v. Rocky Mountain Corporation, 5:07-CR-58 (November 2, 2010); U.S. v. Vern O'Dell Crawford, 5:07-CR-58 (February 17, 2012), and will be repeated only as necessary to give context to Kenneth's current motion.

A grand jury of the Western District of Virginia returned a multiple-count, superseding indictment charging Vern; his wife, Joyce Marie Crawford; their two sons, Kenneth and Darrell Wayne Crawford; and Darrell's wife, Melissa Ann Crawford with conspiring to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 846, possessing firearms in furtherance of that offense in violation of 18 U.S.C. § 924(c), and with various other drug trafficking offenses. Melissa pled guilty to the drug conspiracy, and the other defendants pled not guilty and went to trial. At trial, the court granted Darrell's Motion for Judgment of Acquittal as to the firearm charge. The jury acquitted the remaining defendants of that charge, was unable reach a verdict as to the drug conspiracy charge, and found Vern guilty of fifteen drug trafficking charges.

The court declared a mistrial and rescheduled the unresolved charges for retrial. Meanwhile, the grand jury returned a Second Superseding Indictment against all the defendants in the first trial and added Rocky Mountain Corporation as an additional defendant. Rocky Mountain is wholly owned by Joyce and Kenneth, who are also its secretary and president, respectively. The new indictment re-alleged the unresolved drug conspiracy against the individual defendants, and it added a drug distribution charge against Joyce; a money laundering

conspiracy in violation of 18 U.S.C. § 1956(h) against Vern, Joyce, Kenneth and Rocky Mountain; four structuring counts against Vern and Joyce for violations of 31 U.S.C. § 5313(a); and a notice of forfeiture count.

The Government elected not to proceed with the new charges against Vern, and entered into plea agreements with Kenneth, Joyce, Darrell, and Rocky Mountain. Each of those four defendants also agreed to a statement of facts. The statement of facts detailed a considerable methamphetamine conspiracy, as well as a conspiracy to structure financial transactions and launder the proceeds of the methamphetamine conspiracy through Rocky Mountain and other entities. According to the statement of facts, "Rocky Mountain Corporation was created and maintained to launder the illegal proceeds from the sale of methamphetamine." The statement of facts noted that from 2003 to 2007 alone, the defendants' deposits into various bank accounts and their other financial transactions exceeded their income from legitimate identifiable sources by more than $707,820.

Kenneth, Joyce, and Rocky Mountain each agreed to plead guilty to Count Three of the Second Superseding Indictment, which charged a conspiracy to launder money in various ways, and Darrell agreed to plead guilty to a lesser included offense of the drug conspiracy alleged in Count One. Each agreement provided that if any defendant failed to plead guilty, the government had the right to void the agreement. The agreements called for a joint and several forfeiture judgment of $2,000,000, to be satisfied from the real estate listed as substitute assets in the Second Superseding Indictment, which the defendants agreed was "proportionate to the degree and nature of the offense," and that the defendants waived any challenge to the forfeiture amount. Kenneth's plea agreement was entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and, in addition to the forfeiture, specifically called for Kenneth to serve sixty

months imprisonment and pay a fine of $225,000. Each defendant waived the right to appeal and to collaterally attack the plea and sentence.

On October 17, 2008, the day after signing their respective agreements, Rocky Mountain, Kenneth, Joyce, and Darrell pled guilty in a single proceeding. The terms of their agreements were fully detailed in open court, they acknowledged that the statement of facts was accurate, they stated that they were pleading guilty because they were in fact guilty, and they denied under oath that anyone had forced them to plead guilty or had threatened them in any way. In fact, the court asked Kenneth at least five times whether anyone had threatened him or forced him to plead guilty, and each time he indicated that no one had threatened or coerced him.[4] The court's repeated questioning was purposeful. It was no mere formalism. The court was assuring itself that each plea was being entered voluntarily. The court was cognizant of the potential pressures involved and recognized its responsibility to accept only pleas that were knowing, voluntary, intelligent, and supported by an independent basis in fact. After an exhaustive inquiry, the court concluded that each plea was a knowing and voluntary plea, and made that finding on the record. Accordingly, the court accepted each plea.

On November 27, 2008, Vern sent the court a letter claiming that Joyce and Kenneth were innocent of the offenses to which they pled, that Joyce had been ill, and that Kenneth would have pled to anything to keep her out of prison. At the court's direction, the Clerk entered Vern's letter as an exhibit in the electronic case file on December 5, 2008, the day after it was received in the clerk's office, and at 2:33 PM Eastern Standard Time on that date notice was

---

[4] Before Kenneth entered his plea, the court advised Kenneth further:
Now, you understand that, from the court's perspective—I want to make this plain. It's up to you to make your decision as to whether you plead guilty or not guilty. I mean we have a jury that is prepared to come in here and hear everything on Monday if you want them to. It's up to you to decide, not up to me, not up to your lawyers, not anybody else in his room but you, your constitutional right to decide how you want to plead.

electronically mailed to all counsel of record, including Kenneth's counsel. (See ECF No. 297.)

On January 27, 2009, the court sentenced the Crawfords and Rocky Mountain. It sentenced Vern to 360 months and a fine of $1,000,000; Kenneth to 60 months, a fine of $225,000, and a joint and several forfeiture judgment of $2,000,000; Joyce to time served, a fine of $225,000, and a joint and several forfeiture judgment of $2,000,000; Darrell to 36 months and six days (70 months, with 33 months and 24 days credited for a discharged term of imprisonment pursuant to United States Sentencing Guideline § 5K 2.23), and a joint and several forfeiture judgment of $2,000,000; and Rocky Mountain to a fine of $1,415,640 and a joint and several forfeiture judgment of $2,000,000.

Though he did not appeal, four and one-half months later (June 12, 2009), Kenneth filed a motion pursuant to 28 U.S.C. § 2255, in contravention of his plea agreement, alleging that his plea was not knowing and voluntary; that the evidence was insufficient to support his conviction; that the prosecutor engaged in misconduct; and that counsel provided ineffective assistance on multiple grounds, including failing to file an appeal despite Kenneth's request. The court held all of Kenneth's claims in abeyance except his claim that his counsel failed to appeal. The court set that matter for an evidentiary hearing, but Kenneth, who was represented by counsel, dismissed the claim shortly before the scheduled hearing date.[5] The court then addressed the claims it had held in abeyance. The court found that Kenneth's plea was knowing and voluntary and that his remaining claims were procedurally barred or waived by his plea agreement. Accordingly, on May 15, 2010, the court denied his § 2255 motion. Kenneth appealed, and the Court of Appeals found that Kenneth had not made "a substantial showing of the denial of a

---

[5] The court set an evidentiary hearing for February 25, 2010, and, on February 24, 2010, Kenneth's retained counsel filed a "notice of partial withdrawal of claim and request to cancel hearing." The court declined to dismiss the claim until it received an affidavit from Kenneth affirming that he had fully discussed the matter with his counsel and that he was knowingly and voluntarily withdrawing the claim. He filed the affidavit the court required on February 26, 2010, and the court canceled the evidentiary hearing and dismissed the claim.

5

constitutional right," denied a certificate of appealability, and dismissed his appeal. U. S. v. Crawford, 410 Fed.App'x. 723 (4th Cir. 2011).

Though it did not appeal, nearly fifteen months after the court sentenced Rocky Mountain, Rocky Mountain filed a *coram nobis* petition, also in violation of its plea agreement, claiming that its plea was not a knowing and voluntary plea because of the pressure the government placed on its president (Kenneth), that the fine and forfeiture the court imposed exceeded the amount authorized by controlling statutes and were constitutionally excessive, and that it received ineffective assistance of counsel. The court found that Rocky Mountain knowingly and voluntarily waived its right to collaterally attack its plea and sentence and that all of its claims were within the scope of that waiver, and the court dismissed the petition on that ground. The court also found that all of Rocky Mountain's claims were meritless. Rocky Mountain appealed, and the Court of Appeals affirmed on August 9, 2011. U.S. v. Rocky Mountain Corp., Inc., 442 Fed. App'x 875 (4th Cir. 2011).

In the meantime, the Court of Appeals affirmed Vern's conviction and sentence except as to the fine. It vacated the fine and remanded for the court to make specific factual findings justifying the fine as required by 18 U.S.C. § 3572. United States v. Crawford, 407 Fed.App'x 738 (4th Cir. 2011). The Supreme Court denied Vern's petition for writ of certiorari, 132 S. Ct. 496, and the case came back to this court on the remand concerning the fine.

On remand, Vern filed a *pro se* motion seeking my recusal "from all proceedings in which [he] is a litigant or party defendant." Vern alleged in part that I had improperly accepted the guilty pleas of Joyce, Kenneth, Darrell, and Rocky Mountain, and that I had committed a Brady violation for not disclosing his letter (presumably other than by filing it in the electronic case file on December 5, 2008 and transmitting it to all counsel of record at 2:33 PM EST on that

6

date).[6] According to Vern, my acceptance of the guilty pleas of Kenneth, Joyce, and Rocky Mountain and failure to act on his November 27, 2008, letter demonstrated that I was prejudiced and biased against him and, presumably, his family as well. In rejecting his recusal motion the court noted:

> Joyce, Kenneth, Darrell, and Rocky Mountain entered their guilty pleas on October 17, 2008, based on a detailed statement of facts each individual claims to have read and signed. I asked each individual about the statement under oath and each individual indicated that the statement of facts was true. I had already had a seven day jury trial in which witnesses had testified about the individual defendants' drug dealings, and it was clear to me that the family was operating legitimate appearing businesses and wholly illegitimate businesses as a single enterprise. Contextually, money-laundering squared with everything the court had heard at trial. Nevertheless, I was aware that all the defendants' plea agreements were contingent upon all the defendants accepting them, and I was aware that Joyce had cancer. With those matters in mind, as I previously noted, I conducted a thorough plea colloquy to assure myself that the pleas were being entered freely, voluntarily, and intelligently, and without coercion or duress. *Five times* I questioned Kenneth in an effort to discern the truth, and at the end of the day I concluded that Kenneth and the other individual defendants were entering voluntary pleas that they independently decided were in their best interests to enter given the risk of going to trial.
>
> The day I received Vern's letter, December 4, 2008, a month and a half after taking the pleas, I filed it in the electronic case file where it was available to all counsel of record and the public.[7] The court does not know whether Vern was suddenly struck with altruistic fervor when he wrote to me or whether he was concerned that his method of operating (i.e. keeping assets in other's names) had been severely compromised by their pleas. Whatever Vern's motivation, Darrell, Joyce, Kenneth, and Rocky Mountain did not complain about their pleas or seek to withdraw them during the nearly two-month period before sentencing.

---

[6] In an earlier opinion the court mistakenly noted its entry date to have been December 4, 2008, rather than December 5, 2008. Though the court considered it filed on December 4, 2008 it was not entered until the next day.

Kenneth has filed at least one exhibit that is somewhat suspect. It is a letter purportedly sent by Vern bearing the date February 2, 2008, in which Vern states that he wants to appeal his case. It contains complaints about his lawyer and refers to the fact that he wrote me earlier telling me that Joyce and Kenneth had nothing to do with the offenses to which they pled. The most striking thing about the February 2, 2008, letter, however, is its date. It is dated the month before the trial and complains about the trial. It is hard, though not inconceivable, to attribute the date to an innocent mistake, except for the fact that on February 2, 2009, Vern wrote a letter noting his appeal and making no mention of Joyce and Kenneth, and the clerk docketed that letter. (ECF No. 316.)

[7] See supra n.5.

Three years and seven months after the court filed Vern's letter in the electronic case file and transmitted it to all counsel of record, Kenneth filed his current Rule 60(b) motion via Vern, from Vern's place of imprisonment, claiming that his plea was involuntary and that had he known of Vern's letter to the court (which Vern sent after Kenneth pled guilty), he would not have pled guilty. As a consequence, Kenneth, who has completed service of his sentence, seeks to have the court vacate his conviction.

## II.

Kenneth claims that his motion is properly considered under Federal Rule of Civil Procedure 60(b)[8] and is therefore not successive. The Court finds, however, that Kenneth's claims are essentially nothing more than a continuing collateral attack on his conviction. Accordingly, the motion is successive, and the court dismisses it for lack of jurisdiction.

A district court has no jurisdiction to consider a successive § 2255 motion unless the Court of Appeals in its circuit certifies that the claims in the motion meet certain narrowly prescribed criteria. See 28 U.S.C. § 2255(h). "[D]istrict courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application." United States v. Weinstock, 340 F.3d 200, 206 (4th Cir. 2003) (internal quotation marks omitted). Accordingly, "a motion directly

---

[8] Rule 60(b) allows a party to obtain relief from a final judgment based on:
(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
The Rule does not apply to criminal proceedings. U.S. v. McCalister, 601 F.3d 1086, 1087–88 (10th Cir. 2010); U.S. v. Fair, 326 F.3d 1317, 1317 (11th Cir. 2003).

attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Id. at 207.

Here, Kenneth's self-styled 60(b) motion asserts two claims:

> [(1) His] plea was obtained without his knowing about evidence in the form of letters to the court claiming that he was innocent of the crimes charged in the superseding indictment.
> [(2) His] plea was obtained through acts of coercion that render his plea involuntary.

(ECF No. 475 at 6.) Those claims and the defects of which Kenneth complains all concern the voluntariness of his plea. Other than giving lip service to Rule 60(b), Kenneth attacks the validity of his plea by proffering additional evidence of his counsel's coercive behavior, and he raises a new, trumped-up, factually and legally frivolous (and, indeed, nonsensical) Brady/Giglio claim that the prosecution and the court failed to disclose his father's letter, a letter that was written after Kenneth pled guilty and transmitted to all counsel of record including Kenneth's counsel. In any event, his additional evidence and new claim clearly signify his continuing collateral attack on his conviction, not his § 2255 proceeding. See Weinstock, 340 F.3d at 207 ("New legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence."). Therefore, the court must treat the motion as a successive collateral review application because failure to do so would allow Kenneth to evade the bar against relitigation without authorization from the Court of Appeals. Accordingly, his motion is successive, and the court is without jurisdiction to adjudicate its merits.

## III.

Because the court is without jurisdiction to rule on a Rule 60(b) motion that is functionally equivalent to a successive application, the court dismisses Kenneth Crawford's current motion for lack of jurisdiction.[9]

**ENTER**: August 6, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[9] Movant is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Movant must submit a copy of the successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. A Fourth Circuit form and instructions for filing this motion will be included with this notice or are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219